DAUKSCH, Judge.
This is an appeal from a summary judgment in a declaratory relief action. It is also an appeal from an order denying the motion to intervene by South Orlando Business Group, South Orange Community Council. Because we reverse the judgment we deem the denial of the intervention to be a moot issue.
Orlando-Orange County Expressway Authority is an agency of the State of Florida created by the Florida legislature. Its powers and limits are set out in the statute which creates it. Chapter 348, Part IV, Florida Statutes (1989). Its purpose is to establish, construct and maintain an expressway system for automobile traffic. Similar authorities are established for other areas of the state. The powers given to the Authority are of the highest order. The Authority may acquire property by eminent domain and otherwise collect fees and rentals, issue negotiable notes and bonds without electorate approval, be exempt from taxation and generally act on its own with as much integrity as most any governmental body.
There are limits on the Authority and its powers. At issue here is the desire of the Authority to build a portion of its system from downtown Orlando through the City of Edgewood (Orange County) to the Orlando International Airport, also in the City of Orlando. The City of Edgewood does not want the Central Connector, as it’s called, going through its territory. It has sought to have the Authority prohibited from taking the land, constructing the roadway and routing the traffic through Edgewood.
When the legislature created the Authority it placed in its “Purposes and powers” provision a limitation which reads:
(4) Anything in this part to the contrary notwithstanding, acquisition of right-of-way for a project of the authority which is within the boundaries of any municipality in Orange County shall not be begun unless and until the route of said project within said municipality has been given prior approval by the governing body of said municipality.
§ 348.754(4), Fla.Stat. (1989). After deciding to build the Central Connector through Edgewood, the Authority could not get approval from the governing body of that municipality to do so.
The trial judge ruled as follows:
If the whole Central Connector project was within the municipal limits of the City of Edgewood, it would be subject to *987 municipal consent. See 338.01(1), Fla. Stat. (1989). Since the whole Central Connector project is not within the municipal limits of the City of Edgewood, the municipal consent of the City of Edgewood is not necessary and the City of Edgewood must approve the route or location, [sic]. See 348.754(4), Fla.Stat. (1989).
The rationale for the trial judge’s decision is his reference to section 338.01(1), which reads, in pertinent part:
338.01 Authority to establish and regulate limited access facilities.—
(1) The transportation and expressway authorities of the state, counties, and municipalities, referred to in this chapter as “authorities,” acting alone or in cooperation with each other or with any federal, state or local governmental entity or agency of any other state that is authorized to construct highways, are authorized to provide limited access facilities for public use. Any of the authorities may construct a limited access highway as a new facility or may design an existing street or highway as included within a limited access facility. However, if a limited access facility is entirely located within an incorporated municipality, such authority is subject to municipal consent, except that such consent is not necessary when such limited access facility is part of the interstate system, (emphasis supplied).
In reaching his decision the trial judge must have concluded that section 338.01(1) prevails over the contrary provision in section 348.754(4), supra. We disagree because we have determined that the “specific controls over the general”[1] and the statute pertaining to Orange County specifically says that the route of a project which is within a municipality cannot be begun without the city’s approval. Municipal consent is not required for any Brevard, Broward, Pasco, St. Lucie or Seminole County Expressway Systems or for the Santa Rosa Bay Bridge System. See §§ 348.219(5), 348.243(3), 348.83(4), 348.943(3), 348.953(4), 348.968(3), Fla.Stat. (1989). Most significantly it is also not in the provision for the Central Florida Expressway Authority. See Chapter 348, Part IX, Florida Statutes.
How to provide roads and handle traffic is a political decision and the state legislature is the paramount political body in Florida to make those decisions. To enable the building of roads and bridges the legislature has created agencies, such as the Orlando-Orange County Expressway Authority, to effect the actual building and maintenance of the roads and bridges. The statutory agencies have no more authority than the legislature has given them and those agencies cannot exercise power not delegated to them. Here, this agency is required to obtain approval from the City of Edgewood before beginning “... the route of said project within said municipality ...” § 348.754(4). Because it has not done so it cannot proceed through that city, until it gets the power to do so from the legislature.
The judgment is reversed and this case remanded to the circuit court for entry of judgment for the City of Edgewood.
REVERSED and REMANDED.
GOSHORN, C.J., and PETERSON, J., concur.

. Expressio unius est exclusio alterius.